## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
### Roanoke Division

THOMAS BEST, JR.,

      Plaintiff,

v.                                                              Case No. _7:18cv263_____

VIRGINIA TRUCK CENTER, INC.
dba Excel Truck Group,

    Serve:    T. H. Kemper, Esq.
              Registered Agent
              First Union Tower
              10 S. Jefferson St., Suite 1400
              Roanoke, Virginia 24038

              Defendant.

### COMPLAINT

Plaintiff Thomas Best, Jr., by counsel, states as follows for his Complaint against the defendant Virginia Truck Center, Inc., dba Excel Truck Group.

### Parties

1.      Plaintiff Thomas Best, Jr., is a natural person who resides in Henrico County, Virginia.

2.      Defendant Virginia Truck Center, Inc. dba Excel Truck Group is a Virginia corporation with its principal office at 267 Lee Highway, Roanoke, Virginia 24019.

### Jurisdiction

3.      This Court has jurisdiction over this action pursuant to 49 U.S.C. § 32710(b) of the Federal Odometer Act and 28 § 1331, and supplemental jurisdiction of state law claims regarding the same transaction and events under 28 § 1367(a).

1

## Facts

4.      Plaintiff earns his living as a truck driver.

5.      In 2016, Plaintiff was looking for a truck tractor to purchase.

6.      In 2016, Defendant advertised a 2010 Freightliner Cascadia tractor for sale in Truck Paper magazine.  The advertisement indicated a price about $42,000 and that the tractor's mileage was about 629,353 miles.

7.      Upon viewing the aforesaid advertisement, Plaintiff went to Defendant's facility in Roanoke to view the tractor.

8.      Defendant's agent represented to Plaintiff that the mileage of the tractor was 629,353 miles.  The odometer appeared to read 629,353 miles.  The representation was material to Plaintiff's decision whether or not to purchase the tractor from Defendant.

9.      Plaintiff relied on Defendant's representation regarding mileage and agreed to purchase the tractor from Defendant.

10.     However, Defendant's agent's representation regarding the tractor's mileage was false.  As Plaintiff soon discovered, the odometer did not track mileage correctly.  In fact, Plaintiff discovered the odometer reading changed even when the tractor was not moving.

11.     Soon after discovering the odometer was not tracking correctly, Plaintiff took the tractor back to Defendant's facility for evaluation and repair of the problem.  Defendant's agents tendered the tractor back to Plaintiff without resolving the issue.

12.     Soon thereafter, Plaintiff had the tractor's Electronic Control Module (ECM) read.  The ECM tracks the mileage of the tractor through parameters in the engine.  The ECM showed the tractor's mileage was actually 812,998 when sold.  The odometer understated the tractor's mileage by over 183,000 miles on the date of sale.

13.     It is not uncommon for a tractor to have odometer mileage readings and ECM mileage readings that vary slightly, but not by over 183,000 miles.

14.     Defendant sells and repairs trucks in Roanoke, throughout Virginia, and throughout the Mid-Atlantic Region.

15.     Defendant thoroughly inspected and serviced the tractor before purchasing it and subsequently selling it to Plaintiff.

16.     Defendant necessarily would have discovered the discrepancy between the odometer reading and the ECM reading during its inspection and service of the tractor prior to its sale to Plaintiff.

17.     Defendant also falsely represented on odometer disclosures required by the Federal Odometer Act that the tractor's mileage was 629,353 miles thereby violating 49 USC § 32705(a)(1)(B) and 49 USC § 32705(a)(2).

18.     Thus, Defendant's agents knew or should have known that their representations of the mileage of the tractor were false; alternately, Defendant's agents acted with a reckless disregard about whether their representations were false; alternately, Defendant's agents acted negligently or even, perhaps, innocently, but in any event, their representations regarding the mileage of the tractor were false.

19.     Due to his reliance on Defendant's material and false representations of the mileage of the tractor, Plaintiff paid a total of $48,586 (including all charges and taxes) for the tractor.

20.     However, the fair market value of the tractor, taking into account its true mileage, was only about $20,000 (Plaintiff over paid by $28,586).

21.     Moreover, Plaintiff paid over $25,000 in repairs on the tractor that he would not have incurred if the tractor truly had only 629,353 miles on it.

3

22.     Moreover, Plaintiff lost profits in excess of $80,000 due to the excessive downtime of the tractor which he would not have lost if the tractor truly had only 629,353 miles on it.

23.     Thus, Plaintiff's actual damages caused by his reliance on Defendant's agents material and false representations exceeds $133,586.

24.     The knowledge and acts of Defendant's agents, performed in the furtherance of Defendant's business, are imputed to Defendant.

### Count I – Violation of Federal Odometer Act

25.     Defendant incorporates the allegations contained in paragraphs 1 through 24 herein by reference.

26.     Defendant's false representations on odometer disclosures required by the Federal Odometer Act violated 49 USC § 32705(a)(1)(B) and 49 USC § 32705(a)(2).

27.     49 USC § 32710 provides that a violation of the Federal Odometer Act made with intent to defraud authorizes the recovery of treble damages by a claimant.

28.     49 USC § 32710 provides that when a court enters judgment for a plaintiff on a violation of the Federal Odometer Act, the court shall also award costs and reasonable attorney's fees for that plaintiff.

### Count II – Actual Fraud in the Inducement

29.     Defendant incorporates the allegations contained in paragraphs 1 through 28 herein by reference.

30.     Defendant's representations regarding the mileage of the tractor were material and false and intentionally made; Defendant intended that Plaintiff rely on its representations; Plaintiff relied on those representations to his detriment; Plaintiff acted upon those representations by buying the tractor; Plaintiff was damaged by his reliance on those representations by paying more

than the tractor was worth, and by incurring repair expenses he would not have incurred had the tractor had the mileage he was told it had.

### Count III – Constructive Fraud

31.     Defendant incorporates the allegations contained in paragraphs 1 through 30 herein by reference.

32.     Defendant's representations regarding the mileage of the tractor were material and false (whether made negligently or innocently or otherwise); Defendant intended that Plaintiff rely on its representations; Plaintiff relied on those representations to his detriment; Plaintiff acted upon those representations by buying the tractor; Plaintiff was damaged by his reliance on those representations by paying more than the tractor was worth, and by incurring repair expenses he would not have incurred had the tractor had the mileage he was told it had.

### Request for Punitive Damages

33.     Defendant incorporates the allegations contained in paragraphs 1 through 32 herein by reference.

34.     Defendant's acts show willful and malicious conduct in conscious disregard of Plaintiff's rights sufficient to justify an award of punitive damages against it.

### Prayer for Relief

WHEREFORE, Plaintiff respectfully prays the Court to enter a judgment in his favor granting:

1.     Compensatory damages of $133,586 trebled pursuant to the Federal Odometer Act to $400,758, plus interest thereon at the judgment rate from June 8, 2016, until paid;

2.     Punitive damages in the amount of $350,000;

3.      Costs and reasonable attorney's fees, pursuant to either the Federal Odometer Act

or any finding of fraud by the Defendant;

4.      Such other and further relief that may seem appropriate to the Court.

TRIAL BY JURY IS DEMANDED

Respectfully submitted,

THOMAS BEST, JR.

By: /s/ Mark H. Schmidt, Esq.

Mark H. Schmidt, Esq. (VSB# 44521)
Attorney at Law
41 Welford Lane
Newport News, Virginia 23606
Telephone: (804) 525-0826
Email: markhenryschmidt@gmail.com
**Counsel for the Plaintiff**